IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| SIDNEY MORTON,[1] | § |
| | § No. 330, 2021 |
| Respondent Below, | § |
| Appellant, | § |
| | § Court Below–Family Court |
| v. | § of the State of Delaware |
| | § |
| STATE OF DELAWARE, | § |
| | § File No. 2105013324 |
| Appellee. | § |

Submitted: May 4, 2022
Decided: July 12, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

**<u>ORDER</u>**

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the Family Court record, it appears to the Court that:

(1)     On May 20, 2021, Nancy Harrington's home—located at 1314 West 3rd Street, Wilmington, Delaware—was burglarized. Following an investigation, the police identified the fourteen-year-old appellant, Sidney Morton, as a suspect. Morton was arrested and charged with first-degree burglary, second-degree conspiracy, and theft under $1,500. Several witnesses for the State testified at trial,

---

[1] The Court previously assigned a pseudonym to the juvenile appellant under Supreme Court Rule 7(d).

including: (i) Harrington, who testified that she was at work when she observed (on a motion-activated and interactive camera that she maintained in her house to communicate with her children) several young men—one of whom she recognized as Morton—ransacking her home around 11:00 pm on May 20, 2021; and (ii) a probation officer with the Department of Youth Rehabilitative Services ("YRS"), who testified that at the time of the burglary, Morton was wearing a GPS-monitoring ankle bracelet and GPS plot points placed him in the area of the crime scene. After the close of evidence, the Family Court adjudicated Morton delinquent as charged. On October 11, 2021, the Family Court sentenced Morton to an indefinite secure commitment with YRS, suspended for a Level IV staff-secure commitment at a placement at YRS's discretion for a period of six months or completion of the program, followed by aftercare. This is Morton's direct appeal.

(2) Morton's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Morton's attorney informed Morton and his parents of the provisions of Rule 26(c) and provided them with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Morton and his parents of Morton's right to supplement his attorney's presentation. Neither Morton nor his parents raised any issues for the Court's

2

consideration. The State has responded to the position taken by Morton's counsel and has moved to affirm the Family Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel made a conscientious examination of the record and the law for claims that could arguably be raised on appeal.[2] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(4) The Court has reviewed the record carefully and has concluded that Morton's appeal is wholly without merit and devoid of any arguably appealable issues. We also are satisfied that Morton's counsel made a conscientious effort to examine the record and the law and properly determined that Morton could not raise a meritorious claim in this appeal.

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson*, 488 U.S. at 81-82.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice